PER CURIAM.
We approve and adopt the trial court’s final judgment, which recited:
THIS CAUSE was tried before the Court. On the evidence presented the Court finds the following facts:
Plaintiff attended a dance studio party at the Fred Astaire Dance Studio in Boca Raton in May 1983. While there, she was persuaded by employees of the studio to purchase four introductory dance lessons for $5.00. Over a period of months thereafter, Mr. Thompson, one of two owners of the studio, apparently gifted with phenomenal powers of persuasion, sold Plaintiff over $100,000.00 in dance lessons. Mr. Sapp was the other owner of the dance studio.
In 1984, Plaintiff became disenchanted with Mr. Thompson, her personal dance instructor, and made some demands for a return of those monies representing the credit balance she had built up at the studio. Her requests were refused and soon thereafter the studio went into bankruptcy and Mr. Thompson disappeared.
Fox Trot, the new owner of the Boca Raton dance studio, in an effort to maintain good relations with customers of the studio offered Plaintiff the opportunity to complete those dance lessons for which she had previously paid. Plaintiff refused.
Plaintiff brought this action against Ronby Corporation, Zana Corporation, Fanda, Pacesetter Enterprises Inc. and Miller and claimed that these Defendants were principals of Thompson and Sapp and that Thompson and Sapp were agents of these Defendants and therefore the acts of Thompson and Sapp were the acts of these Defendants. Plaintiff further claims that Defendants were negligent in that they breached a duty to supervise the financial activities of the dance studio and that such negligence proximately caused damage to Plaintiff.
The evidence does not support Plaintiffs position on either theory.
The evidence is clear that Sapp and Thompson were independent contractors as is reflected in the Contract between Plaintiff and the dance studio. The testimony of the parties further supported Defendants’ position that Sapp and Thompson were acting independently of the Defendants in dealing with the Plaintiff.
The relationship between Defendants and Thompson and Sapp was at best one of franchisor/franchisee. Defendant Fanda was even further removed. The evidence presented clearly shows that Defendants had neither the right nor the opportunity to supervise the financial activities of Thompson and Sapp. Admittedly, there was a provision in the franchise contract for a maximum of $7,500.00 for lessons sold to an individual student. However, that provision did not give rise to a duty of any Defendant to supervise the financial activities of Thompson and Sapp for the protection of the Plaintiff. Even assuming that any Defendant had a duty to oversee the financial activities of Thompson and Sapp in order to protect the Plaintiff against money losses, the evidence is clear that these Defendants did not breach this duty.
Thompson and Sapp prepared and presented phony records to Defendants which indicated that Plaintiff was not sold more than $7,500.00 in lessons. The accurate records, indicating the actual charges to Plaintiff were hidden. Defendants could not, with the exercise of reasonable care, discover that Thompson and Sapp sold Plaintiff more than $7,500.00 in lessons.
Aside from the fact that Thompson and Campbell [sic] were acting independently and not as agents of the Defendants and aside from the fact that the Defendants breached no duty owed to Plaintiff, Plaintiff admits that she was not prevented from finishing the lessons for which she had paid. Thereupon it is
ORDERED AND ADJUDGED that, Irene Goldberg, take nothing by this action and that Defendants, Ronby Corporation, Zana Corporation, Fanda, Pacesetter Enterprises Inc. and Wilburn Lee Miller go hence without day. The Court *753 reserves jurisdiction to tax costs and enter other orders appropriate to this action.
DOWNEY, GLICKSTEIN and WALDEN, JJ., concur.